IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT W. SMITH                                                                                          PLAINTIFF

vs.                                        Civil No. 4:07-cv-04094

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Robert W. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for DIB and SSI on May 14, 2004.[2]  (Tr. 62-64, 309-312).  Plaintiff alleged he was disabled due to chronic pain in his lower back.  (Tr. 119, 335).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff had previously filed applications for DIB and SSI in August of 2002 and in 1987.  (Tr. 59-61, 113, 308).  These applications are not before this Court.

He alleged an onset date of January 1, 2004.[3]  (Tr. 331).  These applications were initially denied on November 1, 2004 and were denied again on reconsideration on April 12, 2005.  (Tr. 31-34, 313-314).

On June 3, 2005, Plaintiff requested an administrative hearing on his applications.  (Tr. 49).  This hearing was held on June 23, 2006 in Texarkana, Arkansas.  (Tr. 323-359).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *See id.*  Plaintiff, Vocational Expert ("VE") Dianne Smith, and medical expert Dr. Henry Hamilton testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had attended high school through the twelfth grade but had not obtained his high school diploma.  (Tr. 332).

On October 23, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB.  (Tr. 14-19).  In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act on July 4, 2002 through October 23, 2006, the date of the ALJ's decision.  (Tr. 18, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2004, his alleged onset date.  (Tr. 18, Finding 2).  The ALJ found Plaintiff had the following severe impairments: severe degenerative disc disease, status post fusion, and scoliosis.  (Tr. 18, Finding 3).  The ALJ also found, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18, Finding 3).

---

[3] Plaintiff previously alleged an onset date of July 4, 2002.  (Tr. 62, 310).  However, during the administrative hearing on June 23, 2006, Plaintiff amended this onset date to January 1, 2004.  (Tr. 331).

2

In this decision, the ALJ also evaluated Plaintiff's subjective complaints. (Tr. 18, Finding 4). At the administrative hearing, Plaintiff claimed he was disabled due to severe lower back pain. (Tr. 335). He claimed he could only sit about twenty to thirty minutes before he had to "get up and go lay down or something like that." (Tr. 339-340). He claimed he could stand five to ten minutes at a time if he had to stand still, but he would be able to stand between three to four hours at a time if he were able to shift his positions. (Tr. 341). He claimed he could only lift between ten to twenty pounds at a time. (Tr. 341).

The ALJ evaluated these subjective complaints pursuant to the *Polaski* factors and then discounted them because he found they were not borne out by the overall record. (Tr. 15-18). Specifically, the ALJ based this credibility determination upon several different findings, including the following: (1) Plaintiff's medical records were not consistent with the disabling level of pain he alleged; (2) Plaintiff's claimed functional limitations were generally consistent with the ALJ's findings; (3) Plaintiff performed extensive daily activities which were inconsistent with his subjective complaints of disabling pain; (4) Plaintiff had not sought significant treatment for his alleged pain for the last several years; and (5) Plaintiff's blood pressure was apparently well-controlled with medication. (Tr. 15-17).

After discounting his subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony in the record in order to determine Plaintiff's RFC. (Tr. 18, Finding 7). The ALJ determined Plaintiff retained the RFC for a wide range of light work:

> The claimant has the residual functional capacity to lift and carry 10-20 pounds occasionally; he can stand and walk for 4 hours in an 8-hour work period, 1 hour without interruption; he can sit for 4 hours in an 8-hour work period, 1-2 hours without interruption; he must be able to alternately sit or stand; he can occasionally climb (no ladders), balance, stoop, or kneel; he can never crouch, or crawl; he can push or pull 10-20 pounds; and he can never be around heights or vibrations.

*See* 20 C.F.R. § 404.1567(b).

The ALJ then determined that claimant could not perform his Past Relevant Work ("PRW"). (Tr. 18, Finding 11). The ALJ determined Plaintiff's PRW included work as a short order cook (semiskilled, light work). (Tr. 14, 132, 356). The VE testified at the administrative hearing that, considering Plaintiff's age, education, RFC, and work history, Plaintiff would be unable to perform this PRW. (Tr. 356-357). Based upon this testimony, the ALJ determined Plaintiff could not perform his PRW. (Tr. 18, Finding 6).

However, the ALJ also determined, considering his age, education, past work experience, and RFC, that Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 11). The ALJ based this determination upon the testimony of the VE. (Tr. 17). The VE testified, in response to a hypothetical from the ALJ, that a person with Plaintiff's restrictions would be able to perform work in factory production (unskilled, light) with 10,000 such jobs in the region and 100,000 such jobs in the nation or as a hand assembler (unskilled, sedentary) with 10,000 such jobs in the region and 100,000 such jobs in the nation. (Tr. 356-358). The ALJ then determined that, because Plaintiff could perform a significant number of jobs in the national economy, he was not under a disability as defined by the Act at any time through October 23, 2006, the date of the ALJ's decision. (Tr. 18-19, Findings 11-12).

Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). On October 18, 2007, the Appeals Council declined to review this determination. (Tr. 5-7). *See* 20 C.F.R. § 404.984(b)(2). On October 18, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 24, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's disability determination is not supported by substantial evidence in the record; (B) the ALJ failed to evaluate the severity of Plaintiff's impairments and "how the combination of [Plaintiff's] impairments render Plaintiff totally disabled"; and (C) the ALJ erred by failing to assess Plaintiff's RFC and his non-exertional limitations. (Doc. No. 7, Pages 3-18). In response, Defendant argues that the ALJ properly considered the subjective complaints of Plaintiff and discounted those subjective complaints for legally-sufficient reasons. (Doc. No. 8, Pages 4-10). Defendant also argues that the vocational expert's testimony provides substantial support for the ALJ's determination that there are jobs existing in significant numbers in the national economy which Plaintiff can perform. *See id.* at 10-

12. Because the ALJ erred by failing to fully and fairly develop the record, this Court will only address the first issue.

In his appeal brief, Plaintiff claims the ALJ erred by relying upon Dr. Hamilton's testimony. (Doc. No. 7, Pages 6-7). At the administrative hearing, Dr. Hamilton testified that he believed Plaintiff to be suffering from a significant amount of pain. (Tr. 329-331). Dr. Hamilton also testified that, based upon the medical records he had reviewed, Plaintiff's back problems were not sufficiently severe to meet or equal the requirements of one of the Listings. (Tr. 329-331). However, Dr. Hamilton acknowledged that the medical records he used for forming this opinion were insufficient:

> Well I would have to, based on the information I have I would have to say he didn't [meet or equal the requirements of any of the Listings]. *I fully accept the possibility that if I had more information in front of me I could change my mind about that. The x-rays of his back don't relate to me the degree of severity that would be required to meet or equal the listing.* I know he is having a significant amount of pain. He has been having pain, but I can't with certainty associate that with the problems that I see on his spine x-rays, *the plain films of his back.*

(Tr. 329-331) (emphasis added).

In his opinion, the ALJ relied upon the testimony of Dr. Hamilton in reaching his conclusion that Plaintiff was not disabled. (Tr. 14-19). The ALJ stated: "Dr. Henry Hamilton, a medical expert, testified that in his opinion, the severity of the claimant's back impairment did not meet or equal the level necessary in Appendix 1 to Subpart P, Regulations No. 4. The Administrative Law Judge finds Dr. Hamilton's testimony supported by the evidence and persuasive." (Tr. 14). The ALJ also relied heavily upon Plaintiff's x-ray results in determining Plaintiff was not disabled. (Tr. 14-19). The ALJ stated: "The medical evidence shows that the claimant has a history of treatment for back pain. He has a remote history of back surgery including fusion with placement of Harrington rods.

7

However, x-rays taken in July 2002 showed the Harrington rod in good apposition and stabilizing appropriately." (Tr. 15). The ALJ also disregarded Plaintiff's subjective complaints of disabling back pain due to his x-ray results: "[Plaintiff's] x-rays show a stable fusion, with not deterioration in the last several years. Certainly his allegations cannot be disregarded on this basis, but this is a factor which must be considered." (Tr. 16).

      The ALJ's reliance on Dr. Hamilton's testimony and the results from these x-rays was in error. With his testimony, Dr. Hamilton admitted that his findings were based upon limited records and that his findings could change if new evidence were presented. (Tr. 329-331). Dr. Hamilton also indicated that he could not adequately determine the level of Plaintiff's impairment with the results from the x-rays alone. *See id.* Considering the fact that Dr. Hamilton could not determine Plaintiff's level of impairment without the benefit of additional records, it is entirely unclear how the ALJ could have made this disability determination without additional records or testing (such as an MRI).

      The ALJ has a statutory duty to fully and fairly develop the record in this case. *See* 20 C.F.R. § 404.1512(f). This duty includes the requirement that the ALJ order consultative examinations at the agency's expense. *See id.* In this case, because the ALJ did not further develop the record in this case to determine whether Plaintiff's back problems were disabling, this case must be reversed and remanded.

**4. Conclusion:**

      Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 6th day of October, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT

U.S. MAGISTRATE JUDGE